UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DIANE MERCHANT, | No. ED CV 09-00510-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

| | | |
|---|---|---|
|1| |considered the treating clinicians' opinions;|
|2|2.|Whether the ALJ properly considered Dr. Eklund's opinion regarding Plaintiff's mental residual functional capacity;|
|3| | |
|4|3.|Whether the ALJ failed to properly consider and rate the severity of Plaintiff's mental impairment;|
|5| | |
|6|4.|Whether the ALJ posed a complete hypothetical question to the vocational expert; and|
|7| | |
|8|5.|Whether the ALJ properly considered the actual mental and physical demands of Plaintiff's past work as a teacher's aide, driver and home care aide.|
|9| | |
|10| | |

(JS at 2-3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ DID NOT ERR IN DISCOUNTING OPINIONS OF NURSE PRACTITIONERS**

In her first issue, Plaintiff asserts that the ALJ erred by failing to properly consider diagnostic opinions of nurse practitioners (denominated "treating clinicians") regarding Plaintiff's mental state. On October 6, 2005, Plaintiff asserts, the clinicians diagnosed her with Major Depressive Disorder without psychotic features and a Global Assessment of Functioning ("GAF") score of 39. (JS at 3, citing AR 460.) The clinicians repeated this diagnosis on November 13, 2006. (Id.)

Plaintiff asserts that the ALJ's failure to consider the clinicians' opinions as establishing a diagnosis is error, because the

2

clinicians were working with Plaintiff's psychiatrist, Dr. Eklund, at the San Bernardino County Department of Behavioral Health, and that Dr. Eklund affirmed the clinicians' diagnoses in his Mental Status examination (JS at 4, citing AR 459.)

Plaintiff's argument is factually incorrect, as even she concedes in the discussion of her second issue, which concerns the ALJ's evaluation of Dr. Eklund's opinion regarding Plaintiff's mental residual functional capacity. She there acknowledges that on December 22, 2005, Dr. Eklund assessed Plaintiff with a diagnosis which ruled out bipolar disorder with psychotic features, and ruled out Major Depressive Disorder with psychotic features, and obsessive compulsive disorder. (JS at 7, citing AR 459.) The only parallel between Dr. Eklund's opinion and that of the clinicians concerns a GAF assessment of 40. (AR 459-460.) The Court will address both of these components of Plaintiff's argument.

With regard to Plaintiff's contention that the opinion of nurse practitioners constitutes an acceptable diagnostic source, her reliance on 20 C.F.R. §404.1513(a)(1) and 20 C.F.R. §416.913(a)(1) is misplaced. These regulations do not stand for the principle advanced by Plaintiff that "such evidence must be considered an accepted medical source ... if the clinician works in conjunction with a physician." (JS at 3-4.) There is absolutely no support for such a conclusion in the regulations. Indeed, a previous incarnation of 20 C.F.R. §416.913(a)(6), deleted by amendments to the regulations in 2000 (see 65 F.R. 34950-01, 34952 [June 1, 2000]), provided that the report "of an interdisciplinary team that contains the evaluation and signature of an acceptable medical source is also considered acceptable medical evidence." Current regulations, however, do not

3

contain any such provision; instead, the opinion of sources such as nurse practitioners is considered pursuant to 20 C.F.R. §404.1513(d)(1), not as a diagnostic source, but as evidence "to show the severity of your impairment(s) and how if affects your ability to work." Moreover, Plaintiff's citations to Merrill v. Apfel, 224 F.3d 1083, 1086 (9th Cir. 2000), and Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 975 (9th Cir. 2000) (see JS at 4) in support of her proposition that the clinicians' opinions are an acceptable medical source because clinicians work in conjunction with the treating psychiatrist, completely misstates the holdings of those cases, which concern evaluation of lay witness testimony. This Court expects that counsel will actually read cases and then cite them for the applicable principles of law.

In any event, the ALJ did not ignore the opinions of the clinicians, but considered them in conjunction with the evidence in the file. (See AR at 18.)

If Plaintiff's argument in her first issue concerns the assertedly erroneous rejection of the clinicians' and Dr. Eklund's assessment of a GAF score of 40 as relevant to establishing a severe mental impairment, that is, again, an unpersuasive argument.

The GAF scale is intended to reflect a person's overall level of functioning at or about the time of the examination, not for a period of at least 12 consecutive months, which is required for a finding of impairment or disability. (See 20 C.F.R. §§416.905, 416.920(c)(2006).)

GAF scores are intended to be used for clinical diagnosis and treatment, and do not directly correlate to the severity assessment set forth in Social Security regulations. (See Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury,

4

65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000), and American Psychiatric Ass'n, <u>Diagnostic and Statistical Manual of Mental Disorders, Text Revision</u> 33 (4th Ed. 2000).

For the foregoing reasons, the Court determines that Plaintiff's first issue has no merit.

## II

### THE ALJ PROPERLY CONSIDERED THE OPINION OF PLAINTIFF'S TREATING PSYCHIATRIST AS TO HER MENTAL RESIDUAL FUNCTIONAL CAPACITY

In Plaintiff's second issue, she asserts that the ALJ erred in rejecting the diagnostic opinions of her treating psychiatrist, Dr. Eklund, with regard to functional limitations assess by Dr. Eklund in a document entitled "Work Capacity Evaluation (Mental)" ("Evaluation"). (JS at 8, AR 487-488.)

In the Decision, the ALJ referenced and discussed Dr. Eklund's evaluation, denominated "Medical Source Statement" in the decision. (AR 18.) As the ALJ noted, Dr. Eklund assessed moderate to extreme limitations in all of the delineated areas of mental functioning. (<u>Id</u>.) The ALJ determined that she would not assign controlling weight to Dr. Eklund's opinion, for several reasons. First, the ALJ indicated that Dr. Eklund's assessment of an extreme limitation in Plaintiff's ability to maintain attention and concentration was defined in the form as having no useful ability to function in this area. The ALJ determined that this assessment was not supported by the evidence in the record, including evidence that Plaintiff continued to drive and spend time reading, and that she is the responsible person for disabled adults. (AR 18.) Further, the ALJ indicated that Dr. Eklund reported that at the same time, Plaintiff

5

had normal mental status with "suspicious" thoughts about people. This conclusion was rejected on the basis that there were no specific findings supporting such severe ratings. (Id.) Finally, in a previous paragraph in the Decision, the ALJ assessed that the examining consultative psychologist and psychiatrist had both reported no significant limitations in Plaintiff's concentration. (AR 213-217 [examining psychiatrist]; AR 461-464 [examining psychologist].) Ultimately, the ALJ relied upon the opinion of the non-examining State Agency physician (AR 173-175) to determine that Plaintiff does not have a severe mental impairment. (AR 13, 18.)

**A.  Applicable Law.**

The Ninth Circuit has repeatedly reaffirmed the principle that greatest weight is ordinarily given to the opinions of treating physicians versus those physicians who do not treat:

> "We afford greater weight to a treating physician's opinion because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'" Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989), quoting Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).

Even so, the treating physician's opinion is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Id., citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n. 7 (9th Cir. 1989)  The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted, Id., citing Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986). However, if the

6

ALJ chooses to do so, the ALJ must '"'make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.'"' Id., citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987), quoting Sprague, 812 F.2d at 1230; see also Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).

This clearly articulated rule, set forth by the Circuit in its opinions in Magallanes and Cotton, has been often cited in later decisions. (See, Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995): "The ALJ may reject the opinion only if she provides clear and convincing reasons that are supported by the record as a whole."; Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995): "Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." (Citation omitted).

Moreover, the Ninth Circuit has established specific requirements in situations where the ALJ (as in this case) rejects the opinions of treating or examining physicians in favor of the opinion of a non-treating, non-examining physician, such as a medical expert. The rule is succinctly stated in Morgan v. Apfel, 169 F.3d 595, 602 (9th Cir. 1999):

> "The opinion of a nonexamining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician. (citations omitted) In Gallant [Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984)], we determined that 'the report of [a] nontreating, nonexamining physician, combined with the ALJ's own observation of [the] claimant's

> demeanor at the hearing,' did not constitute substantial evidence and, therefore, did not support the Commissioner's rejection of the examining physician's opinion that the claimant was disabled. <u>Gallant</u>, 753 F.2d at 1456. In <u>Pitzer</u> [<u>Pitzer v. Sullivan</u>, 908 F.2d 502 (9th Cir. 1990)], we held that the nonexamining physician's opinion 'with nothing more' did not constitute substantial evidence.
>
> But we have consistently upheld the Commissioner's rejection of the opinion of a treating or examining physician, based *in part* on the testimony of the nontreating, nonexamining medical advisor. [citations omitted] In <u>Magallanes</u> [<u>Magallanes v. Bowen</u>, 881 F.2d 747 (9th Cir. 1989)], evidence that supported the ALJ's determination included, among other things, testimony from the claimant that conflicted with her treating physician's opinion." [citation omitted]

(169 F.3d at 602)

With regard to "check-off" forms, they are generally disfavored, especially when they are unsupported by objective findings. <u>See</u> <u>Crane v. Shalala</u>, 76 F.3d 251, 253 (9th Cir. 1996), citing <u>Murray v. Heckler</u>, 722 F.2d 499, 501 (9th Cir. 1983). <u>See also</u> <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989).

**B.  Analysis**.

The issue presented to the Court in Plaintiff's second assertion of error is whether the ALJ erred in not giving controlling weight to the treating psychiatrist's opinion. The ALJ noted that Dr. Eklund's

assessment that Plaintiff had an extreme impairment in her ability to maintain concentration and attention for extended periods (AR 47) was substantially contradicted by Plaintiff during her testimony. Moreover, the consulting psychiatrist, Dr. Fontana, did not find the extended limitations that Dr. Eklund noted in his check-off form. The examining psychologist, Dr. Goldman, did not assess any mental health impairment at all, and found that Plaintiff malingered. (AR 464.) Thus, the ALJ relied upon several independent sources of evidence -- Plaintiff's own testimony, and the reports of the consultative examining psychiatrist and psychologist -- to depreciate Dr. Eklund's opinion. Further, the ALJ found that Dr. Eklund's own treatment notes did not support his assessment as to functional limitations. All in all, the ALJ relied upon a sufficient number of independent evidentiary bases to reject Dr. Eklund's conclusions, and the Court therefore finds no error with regard to the second issue.

The Court can also assess Plaintiff's third issue within the parameters of the discussion of the second issue. Plaintiff's third issue raises the question of whether the ALJ failed to properly consider the severity of Plaintiff's mental impairment. The ALJ found no severe mental impairment.

The evidentiary support for the ALJ's decision has already been largely discussed by the Court. First, the ALJ properly rejected the extreme functional limitations assessed by Dr. Eklund in the check-off evaluation form. Next, the ALJ relied on the findings of the consulting psychiatrist, Dr. Fontana, and the consulting clinical psychologist, Dr. Goldman. (AR 13-14.) The ALJ therefore determined that Plaintiff has no limitation in functional areas of daily living, social functioning, concentration, persistence or pace. (AR 14.)

Plaintiff again asserts that this is an erroneous conclusion because it fails to consider Dr. Eklund's check-off form; however, the Court has already addressed this issue, and determined that the ALJ had a sufficient and reasonable basis to do so.

Within these parameters, the Court can also adjudicate Plaintiff's fourth claim, where she asserts that the ALJ did not pose a complete hypothetical question to the vocational expert ("VE"). Essentially, Plaintiff asserts that the hypothetical questions posed to the VE (see AR at 526-528) are incomplete, because they failed to include the conclusions set out in Dr. Eklund's check-off form, which identified mental limitations and restrictions. (JS at 17.) Again, because the ALJ properly rejected Dr. Eklund's conclusions as set forth in this check-off form, she was under no obligation to incorporate any of the limitations asserted to exist by Dr. Eklund in the hypothetical questions, and therefore, no error was committed. (See Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir. 1988).)

### III

### THE ALJ PROPERLY CONSIDERED EVIDENCE PERTAINING TO WHETHER PLAINTIFF COULD PERFORM HER PAST RELEVANT WORK AS A TEACHER'S AIDE, DRIVER AND HOME CARE AIDE

In her fifth issue, Plaintiff asserts that the ALJ erred in determining that she can perform her past relevant work as a teacher's aide, driver, and home care aide. Plaintiff first contends that the ALJ erroneously failed to consider Plaintiff's mental limitations and restrictions as identified by Dr. Eklund. (JS at 19.) This argument has already been addressed by the Court, which has found that the ALJ did not err in her consideration of Dr. Eklund's opinions.

1    Plaintiff further asserts that the ALJ concluded that she is
2 capable of performing her past relevant work without providing a
3 comparative analysis of her current residual functional capacity
4 ("RFC") with the actual physical demands and requirements of her past
5 jobs. (JS 21.)  But this is an erroneous argument.  The ALJ obtained
6 testimony from the VE that Plaintiff could perform her three past
7 relevant jobs as she previously performed them and as they were
8 actually performed, given her RFC. (AR 525-527.)  The VE clearly
9 testified that Plaintiff could perform these jobs as they are
10 generally performed. (AR 525-527.)  Plaintiff's argument to the effect
11 that she cannot perform these jobs because they exceed her RFC is
12 based in large part on her erroneous identification of the
13 requirements of the actual jobs identified.  For example, Plaintiff
14 identified the DOT code of driver, 906.683-022 to define her past
15 relevant work as driving children to and from school.  The actual
16 code, however, describes a truck driver who would deliver materials.
17 That description substantially differs from the work that Plaintiff
18 described as her past relevant work.
19    Plaintiff has failed to meet her burden of proof to demonstrate
20 that the jobs available to her encompass mental or physical
21 requirements in excess of her functional abilities.  For that reason,
22 the Court finds no error with regard to Plaintiff's fifth and last
23 issue.
24 //
25 //
26 //
27 //
28 //

11

The decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**


DATED: November 20, 2009                       /s/
                                        VICTOR B. KENTON
                                        UNITED STATES MAGISTRATE JUDGE